**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 25-11733-CJP |
| TURTLE LANE, LLC, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

ORDER

Before the Court is the *Joint Emergency Motion For Entry of Order Granting Dedham Institution For Savings Motion For Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) Regarding Commercial Property Located at 283 Melrose Street, Newton, Massachusetts and Waiver of Stay Under Bankruptcy Rule 4001(a)(4)* [ECF No. 158] (the "Motion") filed by the Chapter 7 trustee (the "Trustee") of the estate of the debtor, Turtle Lane, LLC (the "Trustee"), and Dedham Institution For Savings (the "Bank") and the opposition to the Motion [ECF No. 160] (the "Objection") filed by the City of Newton; due notice appearing to have been given with respect to the emergency relief requested; and upon consideration of the Motion, the Objection, the underlying *Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d) Regarding Commercial Property Located at 283 Melrose Street, Newton, Massachusetts* [ECF No. 24] (the "Stay Relief Motion") filed by the Bank, and the entire record of this case, including that the Trustee and Bank had submitted a form of stipulated order granting relief from stay on or about May 27, 2026, as discussed at a status conference on the Stay Relief Motion, that was inadvertently not entered by the Court; good cause appearing for the relief requested, including that the Bank has demonstrated a colorable claim with respect to the property described below as contemplated by *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33-34 (1st Cir. 1994) and the Trustee having agreed to stay relief entering, it is hereby ORDERED that:

1. The Objection is OVERRULED as no persuasive basis is stated as to why cause does not exist to grant the Bank relief from stay, and the Motion is GRANTED in part and DENIED in part as follows.

2. The Bank, including its successors and assigns, is granted relief from the automatic stay provisions of 11 U.S.C. § 362(a) to seek to obtain possession of the real property located at 283 Melrose Street, Newton, Massachusetts (the "Property") and any related business personal property subject to the Bank's liens, which may include, but is not limited to, commencing or continuing any pending state court proceedings and exercising any and all rights and remedies under its loan documents with the Debtor. Nothing in this Order shall affect any obligation of the Bank to comply with applicable state and federal law in enforcing any rights or remedies.

3. The Bank shall provide the Trustee and the Debtor with an accounting regarding any foreclosure sale within 30 days of the sale and all surplus funds after satisfaction of Bank's mortgage, if any, obtained by the Bank shall be remitted to the Trustee upon written request by

the Trustee or as may be directed by further order of the Court absent written direction provided by the Trustee.

4. The Court denies the request to waive the fourteen-day stay of this Order pursuant to Fed. R. Bankr. P. 4001(a)(4) as sufficient cause has not been stated.

By the Court,

Dated: September 10, 2026

Christopher J. Panos
United States Bankruptcy Judge